UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ, VALENTIN RODRIGUEZ, ALEJANDRO MONDRAGON and RUBEN PEREZ, Individually and on Behalf of All Others Similarly Situated<br>*Plaintiffs*<br><br>v.<br><br>MECHANICAL TECHNICAL SERVICES, INC.; COMFORT SYSTEMS USA, INC.; CLP RESOURCES, INC., and LABOR READY CENTRAL, INC.<br>*Defendants* | § § § § § § § § § § § § § § | Civil Action No. 1:12-cv-00710-LY<br><br><br><br>Jury Demanded |

**PLAINTIFFS' REPLY TO CLP'S AND LABOR READY'S RESPONSE
TO PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER,
CORRECTIVE NOTICE, SANCTIONS, AND PRELIMINARY INJUNCTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs file this Reply to Defendants CLP Resources, Inc.'s and Labor Ready Central, Inc.'s (collectively referred to hereinafter as "CLP") Response (Doc. # 23) to Plaintiffs' Emergency Motion for Protective Order, Corrective Notice, Sanctions, and Preliminary Injunction (Doc. # 17), and in support thereof respectfully show:

**I.     Introduction**

To the extent CLP's Response overlaps with Mtech's Response, Plaintiffs refer the Court to Plaintiffs' Reply to Mtech's Response, including the following points:

- The employer-employee relationship is inherently conducive to coercion and is sufficient grounds for limiting speech both pre- and post-certification. (Plfs. Reply to Mtech Resp., § II(B)(1).)

- Courts routinely restrict pre- and post-certification communications that are one-

sided, unbalanced, coercive, confusing, misleading, or that encourage class members not to join the lawsuit or otherwise undermine cooperation with or confidence in class counsel. (Plfs. Reply to Mtech Resp., § II(B)(2).)

- There is ample evidence that Mtech's communications were improper. (Plfs. Reply to Mtech Resp., § II(B)(3).)

- The requested relief is carefully tailored and sensitive to the First Amendment. (Plfs. Reply to Mtech Resp., § II(B)(4).)

## II. Authority and Argument

The main difference between CLP's and Mtech's Responses, and the focus of CLP's Response, is CLP's argument that it should not be subject to a protective order because only Mtech is accused of ***already engaging*** in abusive communications. (CLP Resp. 5-7.) Recognizing that the *Belt* case squarely rejects that argument, CLP attempts to distinguish *Belt* on its facts, noting that the offending letter sent by Defendant EmCare in that case also referred to the other defendants. (*Id.* at 6.) But *Belt*'s holding was clear: "[a]lthough the Court has no evidence that other Defendants participated in the EmCare letter, the Court finds that EmCare's abuse of the collective action, already established on the record, creates ***a sufficient threat of abuse to warrant enjoining all defendants***." *Id.* (emphasis added).)

The fact that Defendants, including CLP and Labor Ready, so vigorously contest any restriction on their contacts with potential class members is a clear indication they would like to engage in some kind of communications. But, as the *Belt* court observed, "there is no legitimate reason for Defendants to communicate with class members, ex parte, before the end of trial." *Id.* This Court is not required to sit idly by, waiting for proof that a defendant ***has already engaged*** in improper communications, nor must the court give each of the multiple defendants its own

free shot at chilling potential class members from participating in the lawsuit. Rather, this Court has the duty and authority to prevent irreparable harm before it occurs. *See Gulf Oil v. Bernard*, 452 U.S. 89, 102 (1981) (district courts are empowered to "restrict certain communications in order to prevent frustration of the policies of Rule 23" as long as there is "a specific record showing by the moving party of the particular abuses ***by which it is threatened***" and the court "identif[ies] the ***potential abuses*** being addressed") (emphasis added).[1]

### III. Conclusion

As the Court noted in *Recinos-Recinos v. Express Forestry, Inc.*, No. Civ.A. 05-1355, 2006 U.S. Dist. LEXIS 2510, 2006 WL 197030, at *12 (E.D. La. Jan. 24, 2006):

> Clearly, the aim and effect of such in-person communication is to provide a one-sided presentation and to encourage speedy and perhaps uninformed decision-making, providing no opportunity for intervention or counter-education. . . . It is difficult to conceive of any advice from [defendant] regarding the lawsuit that is not rife with the potential for confusion and abuse given defendant's interest in this lawsuit.

This Court has the duty and authority to supervise a fair notice process in order to serve the broad remedial goals of the FLSA. Plaintiffs respectfully request that this Court grant the requested relief to prevent further irreparable harm.

---

[1] See also Plaintiffs' Reply to Mtech's Response, § II(B).

Respectfully submitted,

By: _____
Aaron Johnson
Texas State Bar No. 24056961
aaron@equaljusticecenter.org
Chris Willett
Texas State Bar No. 24061895
chris@equaljusticecenter.org
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER RIGHTS CLINIC
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007 ext-104
Fax: (512) 474-0008

J. Derek Braziel
Texas Bar No. 00793380
jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
mmathews@l-b-law.com
LEE & BRAZIEL, L.L.P.
1801 N. Lamar St. Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010
www.overtimelawyer.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

This is to certify that on November 16, 2012, I electronically transmitted the above document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants below:

| | |
|---|---|
| David R. Ongaro<br>dongaro@obllaw.com<br>Amelia D. Winchester<br>awinchester@obllaw.com<br>ONGARO, BURTT & LOUDERBACK<br>650 California Street, Fifth Floor<br>San Francisco, California 94108<br>Telephone: (415) 433-3901<br>Facsimile: (415) 433-3950 | Angela Marshall<br>angela.marshall@ogletreedeakins.com<br>Michael Fox<br>Michael.fox@ogletreedeakins.com<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>301 Congress Avenue, Suite 1150<br>Austin, TX 78701<br>Telephone: 512-344-4703<br>Facsimile: 512-344-4701 |
| Danley Cornyn<br>danley.cornyn@tklaw.com<br>THOMPSON & KNIGHT, LLP<br>98 San Jacinto Blvd., Suite 1900<br>Austin, Texas 78701<br>Telephone: (512) 469-6100<br>Facsimile: (512) 469-6180 | Attorneys for Defendants<br>Mechanical Technical Systems, Inc.<br>and Comfort Systems USA, Inc. |

Elizabeth Schartz
elizabeth.schartz@tklaw.com
THOMPSON & KNIGHT, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

Attorneys for Defendants
CLP Resources, Inc. and
Labor Ready Central, Inc.

_____
Aaron Johnson
Attorney for Plaintiffs

*Plaintiffs' Reply to CLP's and Labor Ready's*                                                                             Page 5 of 5
*Response to Plaintiffs' Emergency Motion*