UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ, VALENTIN RODRIGUEZ, ALEJANDRO MONDRAGON and RUBEN PEREZ, Individually and on Behalf of All Others Similarly Situated *Plaintiffs* | § § § § § § § | |
| **v.** | § § § | Civil Action No. 1:12-cv-00710-LY |
| MECHANICAL TECHNICAL SERVICES, INC.; COMFORT SYSTEMS USA, INC.; CLP RESOURCES, INC., and LABOR READY CENTRAL, INC. *Defendants* | § § § § § § | **Jury Demanded** |

PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

TO THE HONORABLE COURT:

Plaintiffs file this motion for equitable tolling of the statute of limitations, and show the following in support:

I.      INTRODUCTION

Plaintiffs filed their Complaint in this action on August 6, 2012. (Doc. # 1.) Plaintiffs filed their Motion for Notice to the class on October 26, 2012. (Doc. # 12.) The FLSA's limitations period is three years for willful violations and two years for non-willful violations. 29 U.S.C. 255(a). On June 19, 2013, this Court conditionally certified this case as a collective action pursuant to 29 U.S.C. § 216(b) and circumscribed the relevant class as "all current and former, hourly-paid Mtech employees . . . performing installation or construction of HVAC systems . . . ***at any time since August 6, 2009***," precisely three years prior to the filing of Plaintiffs' Original Complaint. (Doc. # 52 (emphasis added).)

Defendants CLP and Mtech have defied this Court's order to identify class members in an effort to prevent and delay their employees from joining this collective action. Further, Mtech has conducted one-on-one interviews of its employees, designed to intimidate them from joining, or at least to lull them into inaction by leading them to believe they are not owed any overtime pay. Even absent the Defendants' misconduct, this Court's exceptionally overburdened docket resulted in a delay of over ten months—nearly half of the two-year limitations period under the FLSA— from the time of Plaintiffs' motion until notice was approved. Under these circumstances, courts routinely apply the doctrine of equitable tolling of the statute of limitations to avoid unfairly prejudicing the rights of the class.

## II.     AUTHORITY AND ARGUMENT

In Rule 23 actions, the filing of the complaint tolls the statute of limitations for all of the class members. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 360 (1983). However, under the FLSA, "no person can become a party plaintiff and no person will be bound by or may benefit from the judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 287 (5th Cir. 1975); 29 U.S.C. § 216(b). In the absence of equitable tolling, the statute of limitations is tolled as of the date the consent is filed, not the date of the complaint. 29 U.S.C. §§ 255, 256. However, in this case there has been substantial delay that, if not remedied by equitable tolling, would bar claims for a significant portion of the time period circumscribed by this Court, even though the class members acted diligently when they learned of their rights.

The equitable tolling doctrine is read into every federal statute, including the FLSA. *U.S. v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999) (*citing Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)).  "The Fifth Circuit has recognized that the invocation of

equitable powers to suspend the running of statutes of limitations is proper in extraordinary circumstances in which aggrieved persons are unable to assert their rights." *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. Civ.A.8:5105, 2009 WL 1591172, *2 (E.D. La. 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 174 (5th Cir.2000); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999)); *accord In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Federal courts also recognize that "the unique circumstances of a collective action . . . justif[y] tolling the limitations period." *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012) (quoting *In re Bank of America Wage and Hour Emp't Litig.,* No. 10–MDL–2138, 2010 WL 4180530 (D. Kan. Oct. 20, 2010).

By delaying notice to the Class, **"*defendants can bleed value out of a large pool of outstanding FLSA claims in a way that they cannot with a comparable group of Rule 23 claims*."** *Nash v. CVS Caremark Corp.*, 2010 WL 446178, *5 (D.R.I. Feb. 9, 2010) (emphasis added).  The Supreme Court has held that the benefits of an opt-in collective action depend upon potential class members "receiving accurate and *timely* notice" so that they can "make informed decisions."   *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) (emphasis added). Thus, it is not surprising that **"*[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture* . . . .**" *Antonio-Morales* 2009 WL 1591172 at *1 (E.D. La. 2009) (emphasis added) (citing *Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir.1981); *Roussell v. Brinker Int'l, No. H–05–3733* (S.D.Tex. Nov. 4, 2008); *Johnson v. Big Lots Stores, Inc.*, No. 04–3201 (E.D. La. July 24, 2008); *Faison v. Texas EZPawn, L.P.*, 2007 WL 1481047, at *1 (S.D. Tex. May 21, 2007); *Smith v. Heartland Automotive Servs., Inc.*, 404 F.Supp.2d 1144, 1155 n.9 (D. Minn. 2005); *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309,

312–13 (S.D. W.Va.1986); *see also, e.g., Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392,

410-11 (D.N.J. 1988), *aff'd in part*, *appeal dismissed  in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*,

493 U.S. 165 (1989); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, at *6 (E.D.

Wash. July 27, 1981); *Myers v. Copper Cellar Corp.*, 1996 WL 766505 (E.D. Tenn. Sept. 27,

1996); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006); *Castle v. Wells Fargo

Financial, Inc.*, 2007 WL 1105118, *1 (N.D. Cal. 2007); *Beauperthuy v. 24 Hour Fitness USA,

Inc.,* 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007).

### A. Equitable tolling is appropriate because Defendants have actively sought to prevent or delay class members from joining.

One of the most common reasons courts equitably toll the limitations period in FLSA

collective actions is to prevent a defendant from ***"escap[ing] liability" because of his or her own***

***misdeeds."*** *Ruffino v. State Street Bank and Trust Co.*, 908 F. Supp. 1019, 1040 (D. Mass. 1995)

(*quoting Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 752 (1st Cir. 1988) (emphasis

added)); *see also, e.g.*, *Quintanilla v. A & R Demolition Inc.*, 2006 WL 1663739, *2 (S.D.Tex.

Jun. 13, 2006) (tolling where defendants delayed in identifying all potential class members);

*Adams v. Inter-Con Sec. Systems, Inc*.  242 F.R.D. 530, 542-43 (N.D. Cal. 2007) (tolling where

defendants refused to produce names and addresses for informal notice when requested, only

produced after court ordered notice); *Baldozier v. American Family Mutual Insurance Co.,* 375 F.

Supp. 2d 1089 (D. Colo. July 8, 2005) (tolling where defendant refused to provide names and

addresses to plaintiffs prior to court ruling approximately 9 months later) *Guifu Li v. A Perfect

Franchise*, *Inc*., 5:10-CV-01189-LHK, 2011 WL 4635198, *16 (N.D.Cal. Oct. 5, 2011) (employer

"necessarily impacted the affected class members' ability to exercise their rights to overtime

wages" by coercing them to sign opt-out forms at individual meetings).

Affirmative misconduct also includes when a defendant "lulls the plaintiff into inaction." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984); *see also Henchy v. City of Absecon*, 148 F.Supp.2d 435, 439 (D.N.J. 2001) (tolling where employer "assured [employee] that the overtime compensation provided for [by contract] was proper" noting that "employer's actions need not be 'egregious acts of deception' in order to toll the limitations period"); *Blake v. CMB Construction*, 1993 WL 840278, *6 (D.N.H. Mar. 30, 1993)("employer's  failure to notify its employees of their rights . . . misstatement of employees' entitlement to overtime pay . . . failing to correct the obvious confusion . . . and engaging in a general course of conduct likely to confuse . . . employees with regard to their overtime compensation rights, all militate in favor of [equitable tolling]"); *Hodgson v. Holden Hospital, Inc.*, No. 2693, 1970 WL 748 at *2-3 (S.D.W.Va. 1970) (tolling appropriate where employer represented to employee that he had been lawfully paid).

Moreover, the employer's conduct creating the inequitable situation warranting tolling need not be the result of bad faith or intentional deception. *Yahraes v. Rest. Associates Events Corp.*, 10-CV-935 SLT, 2011 WL 844963, *3 (E.D.N.Y. Mar. 8, 2011) (applying equitable tolling although the court "attribute[d] no trickery or wrongdoing on the part of defendants"); *Ke v. Saigon Grill*, 595 F.Supp.2d 240, 259 (S.D.N.Y. Oct. 21, 2008) (equitable tolling is available even where employer is not "guilty of fraudulent concealment"); *Kamens v. Summit Stainless, Inc.*, 586 F.Supp. 324, 328 (E.D.Penn. 1984) ("A misrepresentation, if proven, equitably tolls the statute of limitations even if it was not made negligently or fraudulently.").

For example, in *Baden-Winterwood v. Life Times Fitness,* the defendant employer held an informational meeting with putative class members where it "made all of the then current employees aware of their rights under the FLSA and informed them that at least one individual believed that Defendant had violated her rights under the FLSA," and informed them "that in the

not-too-distinct future, you'll be receiving a notice informing you of the lawsuit and your eligibility

to participate in it." 484 F. Supp. 2d 822, 827 (S.D. Ohio 2007). Nevertheless, the court reasoned:

> There is no evidence in the record that suggests to this Court that Defendant tricked
> Plaintiffs or concealed from Plaintiffs their rights under the FLSA. This Court does
> find, however, that Defendant's statements inadvertently lulled Plaintiffs into a
> justified sense of complacency and security. In other words, Defendant induced
> Plaintiffs into reasonably believing that they could and should wait until they
> received notice of their eligibility before they inquired about and potentially
> pursued their legal FSLA rights. Thus, as a result of Defendant's instructions, it was
> entirely reasonable for Plaintiffs to remain ignorant of the fact that the viability of
> their claims hinged upon filing their consent forms.

*Id.*

The Defendants' course of misconduct in this case began before the filing of Plaintiffs'

complaint. First, Plaintiffs' requested that Mtech provide the class members' names and addresses

for informal notice, but Mtech refused and opposed the Plaintiffs' motion, resulting in a lengthy

delay. (Doc. #12.) Second, after the lawsuit was filed, Mtech called its employees in one-by-one

for coercive interrogations regarding the Plaintiffs' claims and whether each employee would

assert claims. (Doc. # 17-1, Declaration of Ernesto Perez.) The Supreme Court has cautioned that

any evaluation of communications in the employer-employee context "must take into account the

economic dependence of the employees on their employers, and the necessary tendency of the

former, because of that relationship, to pick up intended implications of the latter that might be

more readily dismissed by a more disinterested ear." *NLRB v. Gissel Packing Co.*, 23 L.Ed.2d

547, 617-18 (1969). Indeed, Opt-In Plaintiff Ernesto Perez was immediately fired when he refused

to sign a declaration disavowing his overtime claims. (Doc. # 17-1.) Finally, the Defendants

blatantly defied this Court's order to identify all of the potential class members. Defendant CLP

only identified additional class members after Plaintiffs discovered their list was incomplete, and

Defendant Mtech attempted to conceal and still has not identified the additional workers it hired through TNT Staffing Agency.[1]

### B. Court delay due to heavy dockets, even absent misconduct by Defendants, is sufficient for equitable tolling.

"While it is true that wrongdoing by the opposing party is the most common justification for equitable tolling, it is not the only justification." *Shidler v. Alarm Sec. Group, LLC*, 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012) (citing *Quintanilla,* 2006 WL 1663739). "Although the Fifth Circuit has held that the doctrine of equitable tolling should generally be applied sparingly, it has nonetheless consistently allowed the doctrine's application where a plaintiff has acted diligently and the delay concerns extraordinary circumstances." *Shidler*, 919 F. Supp. 2d at 829-30 (citing *Caldwell v. Dretke,* 429 F.3d 521, 530 n. 23 (5th Cir.2005); *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir.2002); *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998)). The delay caused by the time required for a court to rule on a motion, including a motion for certification of a collective action, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *McGlone v. Contract Callers, Inc.,* 867 F.Supp.2d 438, 445 (S.D.N.Y. Apr. 6, 2012) (quoting *Yahraes*, 2011 WL 844963 at *2). "[***T]hose whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings.***" *McGlone*, 867 F.Supp.2d at 445.

"The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). "The decision to invoke equitable tolling in a particular case, therefore, lies solely within the discretion of the trial court."

---

[1] *See* Plaintiffs' Motion to Compel Class List and for Supplemental Notice. (Doc. # 83.)

*Baden-Winterwood*, 484 F. Supp. 2d at 826 (citing *id.*). Some courts, in their discretion, have declined to apply equitable tolling during the time a motion for notice is under consideration, absent an exceptionally heavy docket or other exceptional circumstances. *E.g.*, *Quintanilla,* 2006 WL 1663739 at *3.

However, ***many more district courts across the country, including in the Fifth Circuit, have cited delay in ruling on a motion for notice***, whether caused directly by the court or indirectly by other matters, as grounds for equitable tolling. *E.g.*, *Shidler*, 919 F. Supp. 2d 827; *Antonio-Morales*, 2009 WL 1591172 at *2 ("potential opt-ins [stood] to forfeit their claims through no fault of their own during the pendency of [a court-imposed] stay"); *Castle*, 2007 WL 1105118; *Sperling*, 118 F.R.D. at 410-11; *Owens*, 630 F. Supp. at 312-13; *Beauperthuy,* 2007 WL 707475 at *8; *Lee*, 236 F.R.D. at 200; *Stickle v. Sciwestern Mkt. Support Ctr.,* 2008 WL 4446539, at *22 (D.Ariz. Sept. 30, 2008); *Baden-Winterwood*, 484 F. Supp. 2d at 828 ("This dispute caused this Court to become involved in drafting the notice provision. Thus, the time that Plaintiffs lost pursuing their rights was not a result of a lack of diligence on their part.") (internal citations omitted).

## C. Plaintiffs' diligence is an important factor.

"In contrast to examining the Defendant's conduct, the emphasis in considering equitable tolling is on the Plaintiff." *Owens*, 630 F. Supp. at 312 (emphasis added); see also *Adams*, 242 F.R.D. at 542-43. Although diligence and excusable ignorance alone are insufficient, "[a]n applicant's diligence in pursuing relief is an important factor in assessing his entitlement to equitable tolling." *In re Wilson*, 442 F.3d at 877 (citing *Coleman*, 184 F.3d at 402. Courts also recognize that tolling is appropriate where plaintiffs were excusably ignorant of their claims, but acted once they had notice. *Owens*, 630 F. Supp. at 312; *Beauperthuy,* 2007 WL 707475 at *8.

Some courts have considered the named plaintiffs' diligence in seeking certification of a class. *E.g., Yahraes*, 2011 WL 844963, *2-3 (finding plaintiffs were diligent filing motion for court-supervised notice about a month after filing complaint); *Abadeer v. Tyson Foods, Inc.*, 3:09-0125, 2010 WL 5158873 (finding plaintiffs were diligent filing motion for court-supervised notice three months after bringing suit). However, "[i]n the context of an opt-in collective action, diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit." *Baden-Winterwood*, 484 F. Supp. at 828 (citing *Owens*, 630 F.Supp. at 312-13).

In this case, after the named Plaintiffs filed their Complaint on August 6, 2012, they first diligently attempted to negotiate an agreed notice procedure with the Defendants. When the Defendants refused, the Plaintiffs promptly filed their motion for notice on October 26, 2012. Further, only Plaintiffs who opt in promptly after receiving notice will benefit from equitable tolling because Plaintiffs only seek tolling through the deadline set by this Court for class members to opt in as plaintiffs.

### D.  No Prejudice to Defendants

"The theory [of statutes of limitations] is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) (quoting *Order of Railroad Telegraphers v Railway Express Agency*, 321 U.S. 342, 348 (1944). Courts recognize that there is no unfairness or prejudice to apply equitable tolling when a "Defendant had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing" and thus "was fully aware of its scope of potential liability." *Baden-Winterwood,* 484 F. Supp. 2d at 829; *accord Yahraes*, 2011 WL 844963

at *3 ("defendants will not be prejudiced by any tolling because they have been on notice since the complaint was served . . . that they were potentially liable . . . .").

In the present case, Mtech has been on notice of the FLSA claims of the potential class at least since April 7, 2012 when Plaintiffs sent a demand letter regarding the class's claims and requesting that Mtech enter into a tolling agreement. Settlement negotiations ensued, but Mtech refused to provide informal notice or to toll the limitations period for the potential class members. And Mtech certainly was on notice of the potential class members' claims by August 6, 2012, when Plaintiffs filed their Original Complaint as a collective action. Moreover, this Court has already approved notice to workers employed since August 6, 2009—precisely three years prior to the date of Plaintiffs' Complaint, and many class members have opted in whose claims would be barred in whole or in part if equitable tolling is not applied.  This means that granting this Motion for Equitable tolling will **not** create an additional group of individuals who should receive notice.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court equitably toll the limitations period from August 6, 2012 through the last date set by this Court for class members to file consent forms to opt in as plaintiffs.

Respectfully submitted,


By: _____

Aaron Johnson
Texas State Bar No. 24056961
aaron@equaljusticecenter.org
Chris Willett
Texas State Bar No. 24061895
chris@equaljusticecenter.org
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER
RIGHTS CLINIC
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel.: (512) 474-0007 ext-104
Fax: (512) 474-0008

J. Derek Braziel
Texas Bar No. 00793380
jdbraziel@l-b-law.com
Meredith Mathews
Texas Bar No. 24055180
mmathews@l-b-law.com
LEE & BRAZIEL, L.L.P.
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010
www.overtimelawyer.com

Attorneys for Plaintiffs

## CERTIFICATE OF CONFERENCE

This is to certify that on January 8, 2014, I conferred with Michael Fox, counsel for Defendants Mtech and Comfort Systems USA, and he indicated that they oppose this motion. Between January 2 and January 14, 2014 I conferred with David Ongaro and Amelia Winchester, counsel for Defendants CLP and Labor Ready. On January 14, 2014, Amelia Winchester indicated that DLP and Labor Ready oppose this motion.

_____

Aaron Johnson
Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 17, 2014, I electronically transmitted the above document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants below:

David R. Ongaro
dongaro@obllaw.com
Amelia D. Winchester
awinchester@obllaw.com
ONGARO, BURTT & LOUDERBACK
650 California Street, Fifth Floor
San Francisco, California 94108
Telephone: (415) 433-3901
Facsimile: (415) 433-3950

Danley Cornyn
danley.cornyn@tklaw.com
THOMPSON & KNIGHT, LLP
98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
Telephone: (512) 469-6100
Facsimile: (512) 469-6180

Elizabeth Schartz
elizabeth.schartz@tklaw.com
THOMPSON & KNIGHT, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

Attorneys for Defendants
CLP Resources, Inc. and
Labor Ready Central, Inc.

Angela Marshall
angela.marshall@ogletreedeakins.com
Michael Fox
Michael.fox@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, TX 78701
Telephone: 512-344-4703
Facsimile: 512-344-4701

Attorneys for Defendants
Mechanical Technical Systems, Inc.
and Comfort Systems USA, Inc.

_____
Aaron Johnson
Attorney for Plaintiffs