# ATTACHMENT
# STIPULATED SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOSE RODRIGUEZ, VALENTIN §
RODRIGUEZ, ALEJANDRO §
MONDRAGON and RUBEN PEREZ, §
Individually and on Behalf of §
All Others Similarly Situated

Plaintiffs

§
§
VS. §        Civil Action No. 1:12-cv-00710-LY
§
MECHANICAL TECHNICAL SERVICES, §
INC.; COMFORT SYSTEMS USA, INC.; §
CLP RESOURCES, INC., and §
LABOR READY, CENTRAL, INC. §
§
Defendants. §

## JOINT STIPULATION OF CLASS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

ALEJANDRO MONDRAGON, JOSE ESTRADA, RUBEN PEREZ, GREGORIO

GARCIA, GILBERT ADAME, GERARDO GARCIA, JUAN HERNANDEZ, GUILLERMO

HUERTA, HUGO LABRA, JUAN CARLO OCHOA, CARLOS RALDA, APOLOS RAMIREZ,

GUADALUPE REYES, VICTOR AMARO, individually and on behalf of all others similarly

situated (collectively referred to herein as "Plaintiffs") and CLP RESOURCES, INC. and

LABOR READY CENTRAL, INC., on behalf of themselves and all of their parents, affiliates,

and subsidiaries including but not limited to TrueBlue, Inc. ( collectively referred to herein

as "Labor Ready"), (Plaintiffs and Labor Ready are collectively referred to herein as "the

Parties"), by and through their undersigned counsel of record, HEREBY AGREE and STIPULATE AS FOLLOWS:

WHEREAS, Plaintiffs filed a Complaint on August 6, 2012 entitled, JOSE RODRIGUEZ, VALENTIN, RODRIGUEZ, ALEJANDRO MONDRAGON, AND RUBEN PEREZ, Individually and on Behalf of All Others Similarly Situated, Plaintiffs v. MECHANICAL TECHNICAL SERVICES, INC., COMFORT SYSTEMS USA, INC., CLP RESOURCES, INC., and LABOR READY, CENTRAL, INC., Case No. 1:12 CV-710-LY, in the United States District Court for the Western District of Texas, Austin Division on August 6, 2012 (the "Lawsuit" or the "Litigation"); and

WHEREAS, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") by not paying them all required minimum wage and overtime pay; and

WHEREAS, Defendants deny that they have violated FLSA in any respect; and

WHEREAS, Plaintiffs are represented by Equal Justice Center and Transitional Workers Rights Clinic and Lee & Braziel, L.L.P. ("Class Counsel"); and

WHEREAS, Class Counsel moved for conditional class certification on October 26, 2012, "consisting of all current and former, hourly-paid Mtech employees, including individuals employed through any temporary staffing agency, including CLP and Labor Ready, who worked for Mtech performing installation or construction of heating, ventilation, and air conditioning systems ('HVAC" Construction') at any time during the three year period preceding the filing of Plaintiff's Original Complaint;" and

WHEREAS, on June 20, 2013, the Court granted Plaintiffs' Motion for Conditional Class Certification, and

2

WHEREAS, on September 4, 2013, the Court approved the Parties' joint notice and consent form, and provided a November 12, 2013 deadline for opt-in Plaintiffs to file their notices. The notice period was later extended to May 20, 2014; and

WHEREAS, as of the May 20, 2014 opt-in deadline, forty individuals had opted into the class. Of those forty individuals, only seventeen individuals worked for CLP/ Labor Ready. Out of those seventeen individuals, three performed no HVAC work, and only fifteen individuals performed work during the defined class period; and

WHEREAS, these fifteen individuals who met the requirements of the conditional class requirements (worked for CLP/ Labor Ready, performed HVAC work, and timely opted into the class) are the Plaintiffs identified in this Settlement Agreement and who have signed this Settlement Agreement and Release ("Settlement Agreement"); and

WHEREAS, the Parties agree that it is in their respective best interests to settle and resolve their dispute at this time, without further litigation; and

WHEREAS, the purpose of this Settlement Agreement is to settle, fully and finally, all differences between the Parties, up to the date of execution hereof, which Plaintiffs have asserted against Labor Ready.

**NOW, THEREFORE, in consideration of the terms, conditions, and promises set forth herein, the Parties hereby AGREE and STIPULATE as follows:**

1.    Settlement Sum.  In consideration of the promises and undertakings of Plaintiffs as set forth in this Settlement Agreement, and in full satisfaction of all of Plaintiffs' claims and demands against Labor Ready and all of the other Releasees (as defined below), Labor Ready

agrees to pay the gross sum of Ninety-Nine Thousand, Nine Hundred Dollars ($99,900.00) to be allocated and paid as follows:

    a.    Three checks made payable to "Alejandro Mondragon" for a total sum payment of Six Thousand, Two Hundred, Eighty-Two Dollars and 78/100 ($6,282.78):

        1)    One check made payable to "Alejandro Mondragon" for a total sum of $2,141.39, representing wages, less standard payroll deductions, including tax and social security withholdings;

        2)    One check made payable to "Alejandro Mondragon" for a total sum of $2,141.39, representing non-wage damages, including penalties and interest; and

        3)    One check made payable to "Alejandro Mondragon" for a total sum of $2,000.00, for an enhancement payment or service payment for serving as a Class Representative.

    b.    Three checks made payable to "Jose Estrada" for a total sum payment of Five Thousand, One Hundred, Eighty-Five Dollars and 34/100 ($5,185.34):

        1)    One check made payable to "Jose Estrada" for a total sum of $1,592.67, representing wages, less standard payroll deductions, including tax and social security withholdings;

4

2)    One check made payable to "Jose Estrada" for a total sum of $1,592.67, representing non-wage damages, including penalties and interest; and

3)    One check made payable to "Jose Estrada" for a total sum of $2,000.00, for an enhancement payment or service payment for serving as a Class Representative.

c.    Three checks made payable to "Ruben Perez" for a total sum payment of Eight Thousand, Three Hundred, Eighty-Two Dollars and 44/100 ($8,382.44);

1)    One check made payable to "Ruben Perez" for a total sum of $3,191.22, representing wages, less standard payroll deductions, including tax and social security withholdings;

2)    One check made payable to "Ruben Perez" for a total sum of $3,191.22, representing non-wage damages, including penalties and interest; and

3)    One check made payable to "Ruben Perez" for a total sum of $2,000.00, for an enhancement payment or service payment for serving as a Class Representative.

d.    Two checks made payable to "Gregorio Garcia" for a total sum payment of Twelve Thousand, Five Hundred, Thirty-Six Dollars and 42/100 ($12,536.42);

    1)    One check made payable to "Gregorio Garcia" for a total sum of $6,268.21, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)    One check made payable to "Gregorio Garcia" for a total sum of $6,268.21, representing non-wage damages, including penalties and interest.

e.    Two checks made payable to "Gilbert Adame" for a total sum payment of Three Thousand, Fifteen Dollars and 56/100 ($3,015.56):

    1)    One check made payable to "Gilbert Adame" for a total sum of $1,507.78, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)    One check made payable to "Gilbert Adame" for a total sum of $1,507.78, representing non-wage damages, including penalties and interest.

f.    Two checks made payable to "Gerardo Garcia" for a total sum payment of One Thousand, Two Hundred, and Eleven Dollars and 66/100 ($1,211.66):

    1)    One check made payable to "Gerardo Garcia" for a total sum of $605.83, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)    One check made payable to "Gerardo Garcia" for a total sum of $605.83, representing non-wage damages, including penalties and interest.

g.    Two checks made payable to "Juan Hernandez" for a total sum payment of Three Thousand, Four Hundred and Seven Dollars and 38/100 ($3,407.38):

    1)    One check made payable to "Juan Hernandez" for a total sum of $1,703.69, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)    One check made payable to "Juan Hernandez" for a total sum of $1,703.69, representing non-wage damages, including penalties and interest.

h.    Two checks made payable to "Guillermo Huerta" for a total sum payment of Six Thousand, One Hundred, and Fifteen Dollars and 30/100 ($6,115.30):

    1)    One check made payable to "Guillermo Huerta" for a total sum of $3,057.65, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)    One check made payable to "Guillermo Huerta" for a total sum of $3,057.65, representing non-wage damages, including penalties and interest.

i.    Two checks made payable to "Hugo Labra" for a total sum payment of Four Thousand, Six Hundred, Sixty-Eight and 64/100 ($4,668.64):

7

    1)      One check made payable to "Hugo Labra" for a total sum of $2,334.32, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)      One check made payable to "Hugo Labra" for a total sum of $2,334.32, representing  non-wage damages, including penalties and interest.

j.     Two checks made payable to "Juan Carlo Ochoa" for a total sum payment of One Thousand, Four Hundred, Forty-Nine and 90/100 ($1,449.90):

    1)      One check made payable to "Juan Carlo Ochoa" for a total sum of $724.95, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)      One check made payable to "Juan Carlo Ochoa" for a total sum of $724.95, representing  non-wage damages, including penalties and interest.

k.     Two checks made payable to "Carlos Ralda" for a total sum payment of Six Hundred, Seventy Dollars ($670.00):

    1)      One check made payable to "Carlos Ralda" for a total sum of $335.00, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)      One check made payable to "Carlos Ralda" for a total sum of $335.00, representing non-wage damages, including penalties and interest.

l.    Two checks made payable to "Apolos Ramirez" for a total sum payment of One Thousand, Five Hundred, Fifty-Nine and 98/100 ($1,559.98):

    1)    One check made payable to "Apolos Ramirez" for a total sum of $779.99, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)    One check made payable to "Apolos Ramirez" for a total sum of $779.99, representing non-wage damages, including penalties and interest.

m.    Two checks made payable to "Guadalupe Reyes" for a total sum payment of Two Thousand, Three Hundred, Thirty-Nine Dollars and 04/100 ($2,339.04):

    1)    One check made payable to "Guadalupe Reyes" for a total sum of $1,169.52, representing wages, less standard payroll deductions, including tax and social security withholdings; and

    2)    One check made payable to "Guadalupe Reyes" for a total sum of $1,169.52, representing  non-wage damages, including penalties and interest.

n.    Two checks made payable to "Victor Amaro" for a total sum payment of Three Thousand, Fifteen Dollars and 56/100 ($3,015.56):

    1)    One check made payable to "Victor Amaro" for a total sum of $1,507.78, representing wages, less standard payroll deductions, including tax and social security withholdings; and

2)   One check made payable to "Victor Amaro" for a total sum of $1,507.78, representing non-wage damages, including penalties and interest.

o.   Labor Ready will timely issue a W-2 form for the wage portion of the payments identified above to each Plaintiff and will withhold income tax from this portion of the payment. Labor Ready will timely issue an IRS Form 1099 form to each Plaintiff for the non-wage portion of the settlement payments described herein.

p.   Attorney's Fees and Costs. Labor Ready agrees to pay Class Counsel the gross sum of Forty Thousand, Sixty Dollars ($40,060.00), which will represent all attorney's fees and costs. This payment will be issued in one check, made payable to "Equal Justice Center" for the total sum of Forty Thousand, Sixty Dollars ($40,060.00). Labor Ready shall timely provide Class Counsel with an IRS Form 1099 for the payment of attorney's fees and costs. Labor Ready shall pay the attorney's fees and costs within twenty (20) days of the Effective Date of this Settlement Agreement. Attorney's fees and costs shall be divided among Class Counsel.

Each Plaintiff acknowledges and agrees that the payments set forth in Paragraph 1 and its subsections (a) through (p) shall constitute the entire monetary consideration provided to them under this Settlement Agreement, and that they will not seek any further compensation for any other claimed damages, costs, or attorney's fees from Labor Ready in connection with the matters encompassed in this Settlement Agreement. The payments set forth in Paragraph 1, are

10

made in full, final and complete settlement for Plaintiffs' Claims, in consideration for the Settlement Agreement. The Parties further agree that, except for the sums noted above, each of them agrees to bear his, her, or its attorney's fees and costs. The Plaintiffs and Class Counsel agree to take any other steps that may be necessary to complete this settlement and effectuate the intentions of the Parties.

2.     Tax Matters. Neither Labor Ready nor the Plaintiffs make any representations or warranties with respect to the tax treatment of the settlement payment by any local, state, or federal taxing authority. Each party shall be responsible for assessing its own tax liability and for reporting and paying the taxes, if any, that it may owe on any part of the Settlement Sum paid to Plaintiffs. It is understood and agreed that each Plaintiff is liable for his or her own tax obligations, if any, with respect to any amounts paid to that Plaintiff for which taxes are not being withheld.

3.     Assignment of Labor Ready's Indemnity Claims Against Defendant Mtech, Inc. Labor Ready assigns to Plaintiffs any and all of its rights to claim indemnity against Defendant Mtech, Inc. for prevailing wage violations for the settling plaintiffs.

4.     Release of Claims.

(a)     Each Plaintiff, on behalf of himself or herself, and his or her heirs, successors, and assigns (collectively referred to as the "Releasors"), in consideration of the promises and undertakings of Labor Ready set forth in this Settlement Agreement, fully releases, acquits, and forever discharges to the maximum extent permitted by law Labor Ready and any and all of their parent, subsidiary and affiliated entities

11

(collectively referred to as the "Releasees") from any and all claims, liabilities, causes of actions, and demands of whatever kind or character, (including for attorney's fees, costs, and interest) whether vicarious, derivative, direct, or indirect that the Releasors may now or hereafter have or assert against any of the Releasees growing out of, resulting from, or are connected in any way with (i) the matters and things set out and alleged by Plaintiffs in the Lawsuit, including but not limited to (1) any claims under the Fair Labor Standards Act or the Texas Labor Code, (2) any claims under the Texas Prevailing Wage Statute, (3) any claim for breach of contract, (4) any wage and hour claim arising from each Plaintiff's employment with Labor Ready or Releasees under federal, state, or local statute; and (5) any request for equitable relief asserted by Plaintiffs in the Lawsuit.

(b)     This Release does not include claims to enforce this Settlement Agreement.

(c)     The Releasees are (i) Labor Ready Central, Inc. (ii) CLP Resources, Inc. (iii) any entity affiliated in any way with Labor Ready Central Inc. and/or CLP Resources, Inc., including but not limited to, TrueBlue, Inc. and any current, former, or future parent or subsidiary company or their affiliates; and (iv) any of the current, former, or future officers, directors, shareholders, partners, owners, agents, servants, employees, trusts, representatives, insurers, attorneys, predecessors, successors, and assigns of the entities referred to in (c)(i)-(iv).

5.     No Other Known Claims Against Labor Ready.  For the purposes of implementing a full and complete release of the Claims in Paragraph 4 of this Settlement

12

Agreement, Plaintiffs expressly represent and warrant that they are not aware of any other known claims against Labor Ready or any Releasee other than those claims identified and released in Paragraph 4 of this Settlement Agreement.

6.      Dismissal.  The Parties agree that once all Parties and their attorneys have signed this Settlement Agreement, the attorneys will file a Joint Motion for Court Approval of the Settlement Agreement and Dismissal with Prejudice and to File Settlement Agreement ("Joint Motion"), and a Stipulated Judgment Approving the Settlement and Dismissing the Case with Prejudice, substantially in the forms attached hereto as Exhibits "A" and "B." The Parties also agree that this Settlement Agreement will become effective and enforceable immediately after, and only if, the Court approves it under the procedure outlined above ("Effective Date").  Should the Court decide not to grant the Joint Motion in any respect, the Parties agree to continue working together to resolve any concerns raised by the Court.  The Parties further agree to take any other steps required to effectuate the intent of this Settlement Agreement to fully release the Releasees and secure a dismissal with prejudice of the Lawsuit.

7.      No Admission of Liability.  Labor Ready enters into this Settlement Agreement without acknowledging any fault, liability or wrongdoing.  Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Labor Ready of the merits of any claim, or the truth of any of the allegations asserted in the Lawsuit.  Labor Ready hereby denies all of Plaintiffs' claims as to liability and damages as well as Plaintiffs' class allegations, and does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations upon all procedural and factual grounds.

13

8.    Settlement Agreement Negotiated At Arm's Length. On June 5, 2014, the Parties attended a mediation of this case with Tom Collins, Esq., a neutral third party mediator. As a result of this mediation and continued settlement efforts of the mediator and the Parties in the months following this mediation, the Parties were able to negotiate a settlement. The terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties. Moreover, prior to agreeing to represent Plaintiffs, Class Counsel investigated the allegations involved in the Litigation. In addition, during the course of the Litigation, the Parties have engaged in formal and informal discovery and extensive motion practice.

9.    Bona Fide Dispute. The Parties agree that the settlement set out in this Settlement Agreement constitutes the resolution of a bona fide dispute under the FLSA as to liability, the amount of hours worked, compensation due, and all other aspects of the claim. Accordingly, the Parties stipulate that none will contend that such a settlement is unenforceable. Further, Plaintiffs agree that any other FLSA claims Plaintiffs have or any other relief Plaintiffs might seek under the FLSA as of the Effective Date constitute claims that were or could have been filed in the Lawsuit for purposes of claim preclusion and accordingly acknowledge that any such additional FLSA claims or request for relief under the FLSA against Labor Ready or any of the other Releasees would, upon entry of the dismissal with prejudice, contemplated by this Settlement Agreement, be barred by claim preclusion.

10.    Knowing and Voluntary Agreement. Plaintiffs acknowledge that they are represented by counsel; that they have read this Settlement Agreement or that this Settlement Agreement has been read and explained to them by their attorneys; that they fully understand the

14

meaning and effect of their action in signing it; that this Settlement Agreement is in exchange for consideration that they are not otherwise entitled to receive; that they have had a reasonable period to consider the Settlement Agreement and that their execution of this Settlement Agreement is knowing and voluntary.

11.     Modifications/ Entire Agreement. This Settlement Agreement may be amended or modified only by written instrument signed by or on behalf of all Parties or their respective successors-in-interest.  This Settlement Agreement and its exhibits constitute the entire Settlement Agreement among the Parties to the Settlement Agreement and no representations, warranties, or inducements have been made to any party concerning the Settlement Agreement or its exhibits, other than the representations, warranties, and covenants covered and memorialized in such documents.

12.     Jurisdiction.  The Court has jurisdiction over this case and shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties to the Settlement Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement.

The failure of any party to this Settlement Agreement to perform its obligations hereunder shall not subject such party to any liability or remedy for damages or otherwise, for such failures occasioned in whole or in part by acts of God, fire, accidents, earthquakes, other natural disasters, explosions, floods, wars, shortages of material or supplies, governmental laws, restrictions, rules or regulations, sabotage, acts or failures of any third party, or any other similar or different circumstances beyond the reasonable control of such party.

15

13.   Interpretation of Settlement Agreement/ Choice of Law.  None of the Parties, or their respective counsel, shall be deemed to be the drafter of this Settlement Agreement or its exhibits.  The language and all parts of this Settlement Agreement and its exhibits shall be interpreted according to their fair meaning, and shall not be interpreted for or against any of the Parties.  The Settlement Agreement and its exhibits shall be construed and enforced in accordance with, and governed by, the laws of the United States and State of Texas without giving effect to the State's choice of law principles.

14.   Counterparts.  The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts, and each of them, shall be deemed to be one in the same instrument.  A complete set of original counterparts shall be filed with the Court.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to this Settlement Agreement.

IT IS SO AGREED:

PLAINTIFFS AND CLASS COUNSEL:

DATE: 11/16/14 _____        By: _____
                                      ALEJANDRO MONDRAGON, Individually
                                      and as Class Representative

16

DATE _____   By _____
JOSE ESTRADA, Individually, and as Class
Representative

DATE _____   By _____
RUBEN PEREZ, Individually, and as Class
Representative

DATE _____   By _____
GREGORIO GARCIA

DATE _____   By _____
GILBERT ADAME

DATE _____   By _____
GERARDO GARCIA

DATE 11-17-14 _____   By _____
JUAN HERNANDEZ

17

DATE: 10 - 07 - 14

By: _____
GUILLERMO HUERTA

DATE: 11 -10· 19

By: HUGO LABRA
HUGO LABRA

DATE: 11/11/14

By: _____
JUAN CARLO OCHOA

DATE: 11 / 11 / 14

By: _____
CARLOS RALDA

DATE: 11 / 18 / 14

By: _____
APOLOS RAMIREZ

DATE: 11 - 10 - 14

By: _____
GUADALUPE REYES

18

DATE: 11-7-14                          By: _____
                                           VICTOR AMARO


**APPROVED AS TO FORM:**



EQUAL RIGHTS CENTER AND
TRANSITIONAL WORKER RIGHTS CLINIC


DATE: 11/18/2014                       By: _____
                                           Aaron Johnson
                                           Texas State Bar No. 24056961
                                           aaron@equaljusticecenter.org
                                           Chris Willett
                                           Texas State Bar No. 24061895
                                           chris@equaljusticecenter.org
                                           510 S. Congress Ave., Suite 206
                                           Austin, Texas 78704
                                           Telephone: (512) 474-0007 ext-104
                                           Facsimile: (512) 474-0008
                                           Class Counsel/ Attorney for Plaintiffs



LEE & BRAZIEL, L.L.P.


DATE: 11/19/14                         By: _____
                                           J. Derek Braziel
                                           jdbraziel@l-b-law.com
                                           Texas State Bar No. 00793380
                                           Meredith Mathews
                                           Texas State Bar No. 24055180

19

mmathews@l-b-law.com
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
Class Counsel/ Attorney for Plaintiffs

## LABOR READY AND DEFENSE COUNSEL

CLP RESOURCES, INC. AND LABOR
READY CENTRAL, INC.

DATE: _____        By: _____

Garrett Ferencz, Associate General
Counsel for TrueBlue, Inc.

**APPROVED AS TO FORM:**

THOMPSON & KNIGHT LLP

DATE: 11/19/14        By: _____

David K. Ongaro
California State Bar No. 154698
David.Ongaro@tklaw.com
Amelia D. Winchester
California State Bar No. 257928
Amelia.Winchester@tklaw.com
50 California Street, Suite 3325
San Francisco, California 94111
Telephone: (415) 433-3901

20

Facsimile:  (415) 433-3950

Elizabeth A. Schartz
Texas State Bar No. 17727900
elizabeth.schartz@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 969-1700
Facsimile:  (214) 969-1751

Danley K. Cornyn
Texas Bar No. 24069535
danley.cornyn@tklaw.com
**THOMPSON & KNIGHT LLP**
98 San Jacinto Blvd., Suite 1900
Austin, Texas  78701
Telephone:  (512) 469-6100
Facsimile:  (512) 469-6180

Counsel for Defendants
CLP Resources, Inc. and
Labor Ready Central, Inc.

21