UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ, VALENTIN RODRIGUEZ, ALEJANDRO MONDRAGON and RUBEN PEREZ, Individually and on Behalf of All Others Similarly Situated<br>          *Plaintiffs*<br><br>v.<br><br>MECHANICAL TECHNICAL SERVICES, INC.; COMFORT SYSTEMS USA, INC.;<br><br>          *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:12-cv-710-DAE |

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY FEES**

TO THE HONORABLE JUDGE OF THIS COURT:

The Clerk of this Court entered judgment on behalf of the Plaintiffs on May 20, 2015 pursuant to Federal Rule of Civil Procedure 68. (Doc. # 168.) Plaintiffs timely file this Motion for an Award of Attorney Fees within fourteen (14) days pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule CV-7(j), and in support show the following:

**I.        Attorney's Fees Under the FLSA**

The Fair Labor Standards Act (FLSA) provides that the court, in an action under the Act, "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. §216(b). FLSA attorney's fee awards "must reflect the obvious congressional intent that the policies enunciated in §202 be vindicated, at least in part, through private lawsuits . . . ." *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984).

**II.       Lodestar Method and *Johnson* Factors**

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Black v. SettlePou,*

*P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Heidtman v. Cnty. of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). First, "[t]he lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.*

Then, "the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)." *Heidtman*, 171 F.3d at 1043. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

### III.    Plaintiffs' Requested Lodestar

The Declarations of Plaintiffs' attorneys, Aaron Johnson, Christopher Willett, Derek Braziel, and Jay Forester, which establish the reasonableness of their requested rates and the time spent in this matter, are attached hereto and incorporated by reference as Exhibits A, B, C, and D, respectively. The attorneys for the Plaintiffs maintained detailed, contemporaneous records of time spent on each task that was necessary to the successful resolution of this matter, which are summarized in the spreadsheets attached hereto as Exhibits A-1 and C-1. The total amount of Plaintiffs' requested lodestar is $387,410.69, which comprises the following:

- 798.6 hours at the rate of $325 per hour for Aaron Johnson;

- 47.2 hours at the rate of $310 per hour for Chris Willett;

- 165.4 hours at the rate of $495 per hour for J. Derek Braziel;

- 36.7 hours at the rate of $295 per hour for Jay Forester;

- 24.5 hours at the rate of $335 per hour for Meredith Matthews;

- 115.7 hours at rates ranging between $95 and $195 per hour for paralegals;

- 81.4 hours at the rate of $120 per hour for law student law clerks;

- $10,247.14 in nontaxable expenses; and

- Offset of $24,600.00 for fees and expenses paid by CLP settlement.

## A.  Sound Billing Judgment

The attached declarations and time records set forth in detail the methodology by which Plaintiffs' counsel has exercised sound billing judgment to write off time for numerous tasks, totaling over $37,000 in time written off. (Ex. A, ¶ 10; Ex. B, ¶ 8; Ex. C, ¶ 11, 14; Ex. D.) To date, Plaintiffs' counsel has recorded a total of $438,772.20 worth of time spent litigating this matter, but is seeking compensation for only $401,763.55. (*Id.*)

## B.  Time and Labor Required

As the Court's docket reflects, this case was filed almost three years ago. However, the Plaintiffs' attorneys have been working productively to prepare and advance the claims on which the Plaintiffs prevailed for more than four years. (Exhibit A, ¶ 12-13; Ex. C, ¶ 9-11.) This was a collective action involving forty Plaintiffs that proceeded through full discovery and dispositive motions, and that entailed briefing and hearings on several unsettled legal issues, as well as complicated and intertwined parallel litigation in state court. (*Id.*) The attached declarations and time records set forth the nature and extent of the labor performed by Plaintiffs' counsel in greater detail. (*Id.*)

### 1.  Defendants chose to delay and complicate the proceedings.

The greatest additional obstacle to a less costly resolution of this case was Defendants' refusal to discuss the possibility of a settlement on behalf of all affected workers prior to extended

litigation. (Ex. A, ¶ 14.) In addition to vigorously defending the case, Defendant unnecessarily complicated the proceedings by resisting and hampering the collective action notice process, requiring the Plaintiffs' lawyers to expend significantly more time briefing and arguing at hearings related to the collective action procedure. (*Id.*) Almost every document filed with this Court between October 26, 2012 (Doc. # 12) and April 17, 2014 (Doc. # 116) was directly related to the collective action certification and notice process.

Furthermore, Defendants opposed Plaintiffs' proposal to minimize the time and expense of discovery through efficient representative discovery, and the Court ultimately crafted a case management plan allowing Defendants more depositions and discovery than what Plaintiffs proposed. (Doc. # 131.)

### 2. Time spent developing the Plaintiffs' intertwined prevailing wage claims in parallel state proceedings should be compensated.

The Plaintiffs first sought legal counsel related to claims for unpaid prevailing wages under Chapter 2258 of the Texas Government Code. (Ex. A, ¶ 12.) Only when Plaintiffs' counsel obtained the Defendants' payroll records through the state administrative process for investigating prevailing wage claims did they begin to discover the FLSA violations that were the subject of this lawsuit. (*Id.*) However, all of the work that the Plaintiffs' counsel spent filing and shepherding claims through the mandatory state administrative process should be compensated because it materially advanced the Plaintiffs' FLSA claims in this case.

In *Webb v. Bd. of Educ. of Dyer County,* 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), the Supreme Court held that attorney's fees incurred in a prior related state administrative proceeding were properly recoverable in a subsequent civil rights case to the extent that the fees were for a "discrete portion" of the work that was "useful and of a type ordinarily necessary" to the outcome in the civil rights case. 471 U.S. at 241; *see also Schlimgen v. City of Rapid City,* 83

F.Supp.2d 1061, 1071 (D.S.D. 2000) ("[F]ees may be awarded for 'research or investigation done in connection with' a related proceeding, to the extent it 'proved directly relevant to the successful prosecution of the later civil rights' action.") (quoting *McDonald v. Armontrout,* 860 F.2d 1456, 1462 (8th Cir.1988)). And the court in *G & G Fire Sprinklers v. Bradshaw,* 156 F.3d 893 (9th Cir.1998), *vacated on other grounds,* 526 U.S. 1061 (1999), permitted recovery of fees for work on a prior lawsuit where the court found the two actions to be directly related and counsel stated that the legal research and analysis performed in the first suit saved him from expending more time on the second lawsuit. *Id.* at 906. Likewise, in *Keenan v. City of Philadelphia*, 983 F.2d 459 (3d Cir. 1992), the court held that time spent in a labor arbitration prior to a federal civil rights lawsuit was compensable, even though it was an optional, internal administrative proceeding, because it "served the purpose of discovery" in the subsequent case and time spent on the arbitration matter was "inextricably linked to the issues before [the district court]." *Id.* at 474.

Plaintiffs' attorneys' work in the state prevailing wage claims was a but-for cause of their success in this FLSA matter because they only discovered the FLSA violations through the prevailing wage claim process. (Ex. A, ¶ 12.) The Plaintiffs' prevailing wage claims were intertwined with their FLSA claims and established the rate of pay on which damages were calculated under the FLSA. (*See* Plaintiff's Response to Defendants' Motion for Partial Summary Judgment on Prevailing Wage Claims, Doc. # 158.) The information, documents, research, and legal and factual analysis that Plaintiffs' counsel performed in the prevailing wage claims was not only useful but necessary to Plaintiffs' success in the present case. (Exhibit A, ¶ 12.) Nevertheless, Plaintiffs have already written off or excluded fees for work on the state prevailing wage cases subsequent to the initial investigation. (*Id.*; Ex. A-1.)

**C. Undesirability of the Case, Novelty and Difficulty of the Issues, Skill Required, Experience, Reputation and Ability of the Attorneys**

This case was particularly undesirable in that it presented difficult legal and factual questions. The Equal Justice Center is one of the few law firms in the state that represents workers in prevailing wage claims under the Texas Prevailing Wage Act, Chapter 2258 of the Texas Government Code ("TPWA"). (Ex. A, ¶ 12.) No court had previously decided whether the TPWA could be used to determine the regular rate of pay for computing overtime damages under the FLSA, but the Plaintiffs successfully briefed and argued the point, and ultimately secured a judgment based on that proposition. (*See* Order Denying Mtech's Motion to Partially Quash Depositions, Doc. # 142; Magistrate Judge's Report and Recommendation to Grant Plaintiffs' Motion for Leave to File Their First Amended Complaint, Doc. # 141; Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment on Prevailing Wage Issues, Doc. # 158.)

Additionally, the Plaintiffs were unable to pay any fees or litigation costs themselves, and many of the Plaintiffs did not speak English. Also, many of the class members were unusually difficult to locate and afraid to join the lawsuit due to their immigration status. Plaintiffs' counsel briefed and argued a motion for supplemental notice through radio and newspaper media, which resulted in a favorable reported decision. *Rodriguez v. Mech. Technical Services, Inc.*, 299 F.R.D. 154 (W.D. Tex. 2014).

All of Plaintiffs' attorneys specialize in representing workers in FLSA cases. Mr. Braziel is a leading expert on FLSA collective actions, and has served as Associate Editor-in-Chief of the leading FLSA treatise. (Ex. C, ¶ 5.) The Equal Justice Center is an entire nonprofit law firm dedicated to representing low-income and immigrant workers in employment matters, with particular focus on FLSA cases. (Ex. A, ¶¶ 3-5.) The Plaintiffs' attorneys' credentials, experience, and ability are set forth in greater detail in their attached declarations.

### D. Preclusion of Other Employment and Contingent Fees

The Supreme Court has held that the fact that a case was handled on a contingent fee basis cannot be used to apply a fee enhancement, but that it warrants a higher hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 562-63 (1992); *see also Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc) ("Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful from those who are assured compensation, regardless of result.").

The Equal Justice Center stretches its scarce resources to provide access to the justice system for as many workers as possible. The Plaintiffs' attorneys were precluded from accepting other cases on behalf of low-income workers with meritorious claims during the more-than-four-year span of this litigation. Plaintiffs' counsel represented them without any assurance that they would be paid for attorney time or expenses, assuming all risk of loss. The EJC's public-interest mission depends upon the courts to faithfully administer the FLSA's fee-shifting provision to ensure that its scarce resources are replenished by violating employers.

### E. Customary Fee and Awards in Similar Cases

The *Johnson* factors discussed above warrant higher rates than attorneys at comparable levels of experience whose clients pay by the hour. *See Dague*, 505 U.S. at 562 (difficulty of prevailing in a contingent-fee case is "reflected in the lodestar-either in the higher number of hours expended to overcome the difficulty, or in the higher hourly rate of the attorney skilled and experienced enough to do so").

#### 1. *Market Rates*

Plaintiffs' requested rates are supported by statistical research and are in line with other firms' rates. According to the 2013 *Texas Lawyer* survey of billing rates, attorneys and paralegals

in the Austin and San Antonio region billed on average as follows:

| | Non-Equity Partners | 7th-Year Associates | 4th-Year Associates | Senior Legal Assistants |
|---|---|---|---|---|
| **2011** | $338 | $273 | $240 | $117 |
| **2012** | $343 | $290 | $245 | $145 |
| **2013** | $355 | $295 | $245 | $150 |

"*The State of Rates: Texas Lawyer's Annual Salary and Billing Survey*," Texas Lawyer (Online) July 29, 2013. Notably, in 2010, partners at Ogletree, Deakins, Nash, Smoak & Stewart, P.C., the firm representing the Mtech Defendants and whose clients pay regardless of the outcome, were commanding a median hourly rate of $389.00. *The National Law Journal*, December 2010, p. 13. In this case, the median rate for the attorneys working for Plaintiffs is only **$325 per hour**. Moreover, in a declaration filed in another court in 2010, Ogletree Deakins attorney Ron Chapman testified that their rates in the Eastern District of Texas range from about $250 to $450 per hour for partners, and $200 to $325 per hour for associates. (Attached hereto and incorporated by reference as Exhibit E.)

### 2. *Awards in Similar Cases*

This Court recently held in a FLSA case that "it appears that what is considered a reasonable rate in the Western District of Texas is somewhat lower than $300.00 per hour." *Reyes v. Stone*, 11-CV-110-DAE, 2014 WL 4851810, at *2 (W.D. Tex. Sept. 29, 2014).

However, in addition to the complexity of the present case compared to the cases cited in *Reyes*, other more recent decisions, and even less recent decisions, from the San Antonio Division have found much higher rates to be reasonable. *E.g.*, *Meesook v. Grey Canyon Family Med., P.A.*, 5:13-CV-729-XR, 2014 WL 5040133, at *3-4 (W.D. Tex. Oct. 8, 2014) (J. Rodriguez) (finding reasonable hourly rates in FLSA case in San Antonio, Texas in 2014 of $400 for attorney licensed in 1993 and $250 for attorney licensed in 2011); *Structural Metals, Inc. v. S & C Elec. Co.*, SA-

09-CV-984-XR, 2013 WL 3790307, at *9 (W.D. Tex. July 19, 2013), aff'd, 590 Fed. Appx. 298 (5th Cir. 2014) (J. Rodriguez) (finding reasonable hourly rates in San Antonio Texas in 2013 of $296 for "fourth or fifth year associate," $360 for an attorney licensed in 2002, and $452 for a senior partner). These recent cases provide a more updated and comprehensive view of the reasonable rates in the Western District and the Court should rely on this recent authority.

The requested hourly rates are also lower than the rates that federal courts have found reasonable in FLSA cases in other districts in Texas and around the country. *See, e.g.*, *Owens v. Marstek*, Civ. Action No. 3:11-cv-1435 – B, Dkt. No. 26) (approving fees at ); *Olibas v. Native Oilfield Servs., LLC*, No. 3:11-CV-2388-B, 2015 WL 2165921, at *16 (N.D. Tex. May 8, 2015) (finding rates of $300, $400, and $700 per hour reasonable for younger associates, of counsel, and senior partners, respectively; *Black v. SettlePou, P.C.*, 3:10-CV-1418-K, 2012 WL 3638681, at *5 (N.D. Tex. Aug. 24, 2012) (reversed on other grounds) (finding reasonable rates of $450 for attorney licensed in 2002 and $375 for attorney licensed in 2005); *Roussel v. Brinker Intern., Inc.*, CIV.A.H-05-3733, 2010 WL 1881898, at *3 (S.D. Tex. Jan. 13, 2010) (finding rates between $250 and $500 reasonable); *West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (attorney rates ranging from $550-$275 and a non-attorney rate of $125); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (utilizing "mixed" hourly attorney rate of $353.63). [1]

### 3. Hourly rates must be increased from previous awards to account for inflation and delay in payment.

When comparing rates to previous decisions and surveys, courts bear in mind that the rates must be updated to present value to account for inflation. *E.g., Cent. Sw. Texas Dev., LLC v.*

---

[1] Although the cases almost never provide identical comparators, the cited cases suggest rates higher than those requested by plaintiffs when accounting for inflation, years of experience, specialization, and complexity of the case.

*JPMorgan Chase Bank, Nat. Ass'n*, A-09-CA-819-SS, 2012 WL 11937377, at \*17 (W.D. Tex. Aug. 21, 2012) (J. Sparks) (considering finding from previous year of $250 median hourly rate for Austin-area, and increasing to $280 "[g]iven inflation" and that "counsel is a lawyer with over a decade of experience"); *see also Missouri v. Jenkins*, 491 U.S. 274, 284, 109 S. Ct. 2463, 2469 (1989) (approving fee award at "current rather than historic hourly rates" to account for delay in payment); *Graves v. Barnes*, 700 F.2d 220, 224 (5th Cir. 1983) (fee award must compensate for delay in payment, "particularly in an inflationary era").

### 4.  Plaintiffs are entitled to fees for paralegals, law clerks, and clinic students.

Fee awards must reflect the "increasingly widespread custom of separately billing for the services of paralegals and law students who serve as clerks." *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). "Of course, just as is true in the case of attorneys with differing degrees of experience in a law firm, the fact that an inexperienced student may be less productive than a knowledgeable attorney will be reflected in the per-hour rate requested." *Jordan v. U.S. Dep't of Justice*, 691 F.2d 514, 524 n. 95 (D.C. Cir. 1982).

> Allowing recovery of law student time "may promote the availability of lower-cost representation, with salutary effects on the burden of fee awards, on statutory efforts to remove barriers to litigation of meritorious claims, and on the market forces encouraging settlement in appropriate cases, as well as on the quality of legal education. Absent fee awards at market rates, the party opposing a litigant represented by a clinical program might have an incentive to litigate a case that would otherwise be settled.

*Id.*; *see also Alter Financial Corp. v. Citizens & Southern International Bank*, 817 F.2d 349, 350 (5th Cir.1987); *Jacobs v. Mancuso*, 825 F.2d 559, 563 (1st Cir. 1987) (billing for law clerks and paralegals "is to be encouraged by separate compensation in order to reduce the time of more expensive counsel"); *Spanish Action Committee v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir.1987) (separate compensation for law clerk and paralegals "encourages cost-effective delivery of legal services"); *Williams v. Bowen,* 684 F.Supp. 1305, 1307-08 (E.D.Pa.1988) (concluding that

"[i]f courts do not award compensation for the work of law students . . . , lawyers will be discouraged from accepting cases" or "they may handle the entire cases themselves, thereby increasing the cost to the [defendant]"); *DiGennaro v. Bowen,* 666 F.Supp. 426, 431 (E.D.Pa.1987) (finding "no reason to deny a fee award to a legal service organization for the supervised hours reasonably expended by uncompensated law-students working in a clinical facility, despite their receipt of academic credit instead of payment for their services").

### F. Amount Involved and Results Obtained

*"*Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007). The offer of judgment that the Plaintiffs accepted from Mtech was $200,000, (Doc. # 163.), and the previous settlement with Defendant CLP was for $99,900. (Doc. # 149). A ratio of underlying damages to attorney fees of about 3:4 is well within the range of other fee awards in FLSA cases. *E.g., Howe*, 215 Fed. Appx. 341 ($23,357.30 in damages and $129,805.50 in attorney's fees) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) ($7,680 in overtime compensation and $40,000 in attorneys' fees.)); *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three plaintiffs and $51,750.00 in fees); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir.1983) ($18,455 in damages and $100,000 in fees).

## IV. Conclusion

For the reasons stated above, Plaintiffs respectfully requests that they be awarded attorney's fees in the amount of $387,410.69.

Respectfully submitted,


By: _____

|  |  |
|---|---|
| J. Derek Braziel | Aaron Johnson |
| Texas Bar No. 00793380 | Texas State Bar No. 24056961 |
| jdbraziel@l-b-law.com | ajohnson@equaljusticecenter.org |
| Jay Forester | Chris Willett |
| Texas Bar No. 24087532 | Texas State Bar No. 24061895 |
| forester@l-b-law.com | cwillett@equaljusticecenter.org |
| LEE & BRAZIEL, L.L.P. | EQUAL JUSTICE CENTER and |
| 1801 N. Lamar St. Suite 325 | TRANSNATIONAL WORKER |
| Dallas, Texas  75202 | RIGHTS CLINIC |
| Tel:  (214) 749-1400 | 510 S. Congress Ave., Suite 206 |
| Fax:  (214) 749-1010 | Austin, Texas 78704 |
| www.overtimelawyer.com | Tel.: (512) 474-0007 ext-104 |
|  | Fax: (512) 474-0008 |

Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

This is to certify that on June 3, 2015, I electronically transmitted the above document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants below:

Angela Marshall
angela.marshall@ogletreedeakins.com
Michael Fox
Michael.fox@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, TX 78701
Telephone: 512-344-4703
Facsimile: 512-344-4701

Attorneys for Defendants
Mechanical Technical Systems, Inc.
and Comfort Systems USA, Inc.

_____
Aaron Johnson
Counsel for Plaintiffs